# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 12, 2025

Lyle W. Cayce
Clerk

No. 25-50189
Summary Calendar

————————

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALFREDO NABOR-HERNANDEZ,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:24-CR-642-1

————————————————————

Before HIGGINBOTHAM, ENGELHARDT, and RAMIREZ, *Circuit Judges.*

PER CURIAM:[*]

Alfredo Nabor-Hernandez appeals following his conviction for illegal reentry in violation of 8 U.S.C. § 1326(a), arguing for the first time on appeal that the statutory sentencing enhancement in § 1326(b) is unconstitutional. He concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). The Government has filed an unopposed motion

————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50189

for summary affirmance or, alternatively, for an extension of time to file a merits brief.

The parties are correct that the sole argument that Nabor-Hernandez raises on appeal is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (stating that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969). Thus, the Government's motion for summary affirmance is GRANTED. The Government's alternative motion for an extension of time is DENIED. The judgment of the district court is AFFIRMED.